UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS FELICIANO, JR.,

                              Plaintiff,

        v.                                                      **DECISION AND ORDER**
                                                                12-CV-1251S
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

        1.      Plaintiff Luis Feliciano Jr. challenges an Administrative Law Judge's ("ALJ")
decision, dated November 4, 2011, wherein the ALJ determined that Plaintiff was not
disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act.
Plaintiff filed an application for disability insurance benefits on February 12, 2010 and
protectively filed an application for supplemental security income on February 18, 2010,
alleging in both a disability beginning on March 25, 2009. Plaintiff previously filed three
prior similar applications, each of which were denied.  He now contends that the ALJ's
current determination on his fourth application is not based upon substantial evidence, and
reversal is warranted.

        2.      Plaintiff's most recent application was initially denied on August 19, 2010.
Plaintiff was granted a hearing on that denial and, on October 18, 2011, he testified before
the ALJ.  The ALJ issued a decision denying Plaintiff's applications for disability benefits
and supplemental security income on November 4, 2011, and the Appeals Council denied
Plaintiff's request for review on November 15, 2012, rendering the ALJ's determination the
final decision of the Commissioner. Plaintiff filed the instant action on December 19, 2012.

        3.      Plaintiff and the Commissioner each filed a Motion for Judgment on the
Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Judgment on

the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. <u>See</u> 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Wagner v. Sec'y of Health & Human Servs.</u>, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. <u>See Grey v. Heckler</u>, 721 F.2d 41, 46 (2d Cir. 1983); <u>Marcus v. Califano</u>, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. <u>See Rutherford v. Schweiker</u>, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5.     To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." <u>Williams on Behalf of Williams v. Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." <u>Rosado v. Sullivan</u>, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might

justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.   If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work

experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since March 25, 2009, his alleged onset date (R. 23);[1] (2)  Plaintiff had the following severe impairments: "obesity, back pain without any defining imaging tests and neck pain with a small broad based central herniation at C3-4" (R. 23); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 24); (4) Plaintiff had the residual functional capacity ("RFC") to perform light work except "occasional on all posturals, but no ropes, ladders or scaffold climbing and he should avoid concentrated exposure to cold and wetness" (R. 24-29); and (5) although he was unable to perform any past relevant work, considering his age, education, experience, and RFC, there were sufficient jobs in the national economy that Plaintiff could perform.  (R. 29-30.)

10.     Plaintiff first argues that the ALJ failed to specify the weight afforded to the opinions of Plaintiff's medical sources, and further failed to apply the treating physician rule.    A treating physician's opinion is generally given more weight than that of a consultative examiner, and in fact will be given controlling weight if it is "well-supported by medically acceptable evidence and is not inconsistent with the other substantial evidence in the record." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks

---

[1] Citations to the underlying administrative record are designated as "R."

and brackets omitted); see 20 C.F.R. § 404.1527(c)(2).  A claimant is entitled to an express recognition of a favorable medical source statement and an ALJ's reasons for not accepting it.  Dioguardi v. Comm'r of Social Sec., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citing Snell, 177 F.3d at 134).  However, a statement that a claimant is or is not disabled is not a "medical opinion" entitled to any special significance, but is instead a determination within the purview of the Commissioner. 20 C.F.R. § 404.1527(d)(1),(3). Thus, neither Dr. Chatrath's nor Dr. Huckell's conclusory assertion that Plaintiff was permanently disabled was entitled to any weight.  (R. 344, 355.)

Further, the ALJ did reject Dr. Chatrath's more specific opinions, and his reasons for doing so were specifically stated in the decision. (R. 29 (expressly rejecting this physician's finding of total disability as being contrary to treatment notes).)  The ALJ stated that "Dr. Chatrath said he had no notes for [Plaintiff's] headaches, yet the same doctor in Exhibit B-3F opined [Plaintiff] was getting three to five headaches a week." (R. 28, 343, 352; see R. 351-52 ("I have no notes for headaches" is written in response to the state agency's request to Dr. Chatrath for further information regarding Plaintiff's headache treatment and compliance.)  There were no further findings of specific limitations to be discredited by the ALJ.  Instead, as stated in the decision, when asked to indicate his opinion on Plaintiff's specific functional work limitations, if any, Dr. Chatrath answered that such questions "need[] to be filled out by a physical therapist." (R. 344-46, see R. 29.) Finally, the ALJ in fact relied on Dr. Chatrath examination findings of no cervical restrictions and only mild lumbar spine restrictions in determining Plaintiff's RFC. (R. 27, 29; see R. 322, 366, 394, 435 ("back flexion is slightly limited and extension is normal.")

Plaintiff argues that the ALJ should have developed the record with respect to the opinions.  However, Dr. Chatrath was specifically questioned regarding both Plaintiff's

headaches and functional limitations. (R. 344-46, 351-52.)  Further, there is nothing in Dr.

Huckell's June 2009 objective findings, which included (as noted by the ALJ) a 5/5 strength

in the bilateral upper extremities, that would call the determined RFC into question. (See

R. 26 (noting that Plaintiff's later records showed improvement with physical therapy.)

Thus, there was no gap in the record to trigger the ALJ's duty to seek additional

information. See Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999). Finally, the ALJ's

RFC is consistent with the mild limitations reported by both the treating and consultative

physicians. (R. 29, 322, 349, 354, 366, 394, 435.)

 11. Plaintiff further contends that the ALJ failed to appropriately evaluate his

credibility.  To the extent this argument relies on the alleged errors raised in his first

contention, it is also without merit.    Further, credibility determinations are generally

reserved to the Commissioner, not the reviewing court. Selian v. Astrue, 708 F.3d 409, 420

(2d Cir. 2013); Aponte v. Sec'y, Dep't of Health and Human Servs., 728 F.2d 588, 591 (2d

Cir. 1984). Here, the ALJ supported his finding that Plaintiff's subjective complaints were

not credible to the extent alleged with not only the lack of corresponding objective medical

evidence, but specific contradictions.  For example, as noted in the decision, one would

expect that disabling pain symptoms and medication side effects would have been

reported to Plaintiff's treating physicians, but were not, and his claimed treatment by Dr.

Chatrath for extensive headaches was contradicted by that doctor's denial of any treatment

notes (R. 28-29, 293, 351-52.) There is therefore no reason to disturb this determination

of the ALJ.

 12. Plaintiff's last contention is that, due to the alleged errors in the ALJ's RFC

analysis, the testimony of the vocational expert cannot provide substantial evidence to

support the ultimate disability determination.  Inasmuch as this Court has concluded that

those arguments are without merit, this contention must fail as well.

13.     For the foregoing reasons, and upon a review of the record as a whole, the Court concludes that the ALJ's determination is supported by substantial evidence. Defendant's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   July 30, 2014
            Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court